## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

BALZER & ASSOCIATES, INC.,    )
                )
       Plaintiff,        )
                )
v.                    )    Civil Action No. 3:09CV273-HEH
                )
UNION BANK AND TRUST COMPANY, )
                )
       Defendant.     )

### MEMORANDUM OPINION
**(Granting Defendant's Motion to Dismiss Count I and Remanding Count II)**

THIS MATTER is before the Court on Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Dk. No. 6), filed on May 12, 2009. Plaintiff originally filed its Complaint alleging copyright infringement and conversion in the Circuit Court for the County of King William, Virginia, on April 21, 2009. Defendant subsequently removed the case to this Court on April 28, 2009, on the grounds of federal question and supplemental jurisdiction. (Dk. No. 6). The parties have filed extensive memoranda stating their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, Defendant's Rule 12(b)(1) Motion to Dismiss will be granted as to Count I and Count II will be remanded to state court.

## I.      BACKGROUND

On April 21, 2009, Plaintiff Blazer & Associates, Inc. ("Balzer") filed a Complaint

in the Circuit Court for the County of King William, Virginia against Defendant Union

Bank and Trust Company ("Union Bank"). In its Complaint, Plaintiff avers that in 2006,

Saymar Custom Homes, Inc. ("Saymar") retained its planning and engineering services for

a residential development, the Marle Hills Subdivision, in King William County, Virginia.

(Compl., ¶ 4.)  Saymar subsequently entered into an agreement with Defendant Union

Bank to finance the development. (Compl., ¶ 5.)  On April 25, 2006, Balzer provided the

site plans and other design materials at issue here ("Site Plans") to Saymar for the

development. (Compl., ¶ 6.)  Following two years of construction, Union Bank foreclosed

on the development property on October 30, 2008 for unspecified reasons. (Compl., ¶ 11.)

Consequently, Union Bank  retained the services of a different engineering and design firm,

AES Consulting Engineers ("AES"),  to complete construction of the development.

(Compl., ¶ 12.)

Plaintiff subsequently brought suit in state court, alleging that Defendant Union

Bank and others working at its direction, including AES, are now using its Site Plans

without permission and without providing compensation for such use. (Compl., ¶ 13–14.)

Plaintiff further avers that the Site Plans are its original work and are fixed in a tangible

medium of expression. (Compl., ¶ 16.)  Therefore, Plaintiff contends that the Site Plans are

protected intellectual property under both the United States Copyright Act ("Copyright

Act"), 17 U.S.C. § 301 *et. seq.*, and Virginia law. (Compl., ¶ 16.)  In Count I Plaintiff

seeks injunctive relief under § 502(a) of the Copyright Act, prohibiting Defendant's further

use of its Site Plans. (Compl., ¶ 23.)  Additionally, Plaintiff alleges in Count II that Union

Bank is liable for conversion under Virginia state law for its unauthorized exercise of authority over the Site Plans. (Compl., ¶ 26–27.)

The Defendant removed the case to this Court on April 28, 2009, relying on federal question jurisdiction for Count I and supplemental jurisdiction for Count II, Plaintiff's state law claim for conversion. After removing the case, Defendant filed this Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dk. No. 5).[1] Because Plaintiff did not register the Site Plans as required under § 411(a) of the Copyright Act, Defendant contends, Plaintiff may not prosecute this suit for copyright infringement of the Site Plans. Defendant therefore urges the Court to dismiss both counts for lack of subject matter jurisdiction.[2] *Id.*

## II.   **Standard of Review**

On a motion to dismiss pursuant to Rule 12(b)(1), the party asserting jurisdiction has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R.. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* "[T]he nonmoving party

---

[1]Because the Court concludes that Plaintiff's failure to register its copyright deprives this court of jurisdiction over Count I, it need not consider Defendant's contention that Count I also fails to state a claim for relief under Rule 12(b)(6).

[2]Defendant contends that the Court should dismiss, not remand, Count II, because Plaintiff's state law conversion claim is preempted under § 301 of the Copyright Act.

must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

## III.   ANALYSIS

### A. The Court's Exclusive Copyright Jurisdiction

Defendant first seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, contending that Plaintiff's failure to allege or otherwise show that it registered the copyright at issue prevents it from bringing a suit for copyright infringement. In addition to responding that it need not register its copyright to seek only injunctive relief under § 502 of the Copyright Act, Plaintiff further argues that it did not choose to bring suit in federal court, since it first filed in King William County Circuit Court. Accordingly, Plaintiff argues that the entire matter should be remanded to state court if Defendant's Rule 12(b)(1) motion is granted. (Dk. No. 6).

Plaintiff fails to recognize, however, that the state court in which it initially filed is entirely without jurisdiction to consider its claim under the federal Copyright Act. Title 28, Section 1338(a) of the United States Code provides: "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights and trademarks. Such jurisdiction shall be *exclusive* of the courts of the states . . . .." 28 U.S.C. § 1338(a) (emphasis added). If the state court had no jurisdiction to hear Plaintiff's copyright infringement claim in the first instance, this Court must dismiss, not remand, Count I.

4

## B. <u>Defendant's Rule 12(b)(1) Motion to Dismiss Due to Lack of Registration</u>

Defendant contends that Plaintiff's claim for copyright infringement in Count I is barred because Plaintiff failed to register its copyright as required under § 411(a) of the Copyright Act.[3] Prior registration is required as a condition to bringing suit for copyright infringement. *Phelps & Associates, LLC v. Galloway*, 492 F.3d 532, 538–39 (4th Cir. 2007) (citing 17 U.S.C. §§ 102(a), 408(a), 411). Therefore, "[c]opyright registration is a *jurisdictional* prerequisite to bringing an action for infringement under the Copyright Act." *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283 (4th Cir. 2003) (emphasis added) (citing *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 658 (4th Cir. 1993)). Accordingly, if a work is not registered, an action for copyright infringement may not be brought. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 492 n. 44 (1984) (Blackmun, J., dissenting) (citing 17 U.S.C. § 411(a)).

Plaintiff's Complaint fails to allege that the copyright at issue in this case was registered with the Patent and Trademark Office. Nor has Plaintiff produced any evidence suggesting that it possesses a registered copyright for the Site Plans. *See* 17 U.S.C. § 410(c) (stating that during a judicial proceeding, certificate of a registration shall create prima facie evidence of the validity of a copyright brought within five years of the publication of the work). Plaintiff argues instead that registration is not required because

---

[3]"[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).

it seeks only an injunction under § 502(a) of the Copyright Act.

Section 501 of the Copyright Act—titled "Infringement of copyright"—provides a general cause of action for a plaintiff claiming copyright infringement. *See* 17 U.S.C. § 501(a) ("Anyone who violates the exclusive rights of the copyright owner . . . is an infringer of the copyright . . ."); *see also* § 501(b) (permitting a copyright owner to institute suit for infringement). Section 502, by contrast, does not provide an independent cause of action for copyright infringement. Rather, § 502—titled "Remedies for Infringement: Injunctions"—only makes the remedy of injunctive relief available to a plaintiff who has already shown copyright infringement in violation of § 501. *See* 17 U.S.C. § 502 ("Any Court . . . may . . . grant temporary and final injunctions . . . to prevent or restrain infringement of a copyright.").

To maintain an action for infringement under § 501 and to obtain an injunction under § 502, Plaintiff thus must first register its copyright as required by § 411(a). *See* 17 U.S.C. § 411(a) ("no action for infringement . . .shall be instituted until preregistration or registration of the copyright claim has been made . . ."); *see also id.* § 502(a) (permitting any court "*having jurisdiction* of a civil action" for copyright infringement to enter an injunction). Because Plaintiff has neither alleged nor shown that it registered the copyright at issue here, and in fact argues that registration is not required at all to bring suit for injunctive relief, the Court does not have jurisdiction to hear Plaintiff's claim for copyright infringement in Count I and therefore cannot enter an injunction under § 502(a). *See, e.g. Xoom, Inc*, 323 F.3d at 283.

6

In support of its argument that the Court may enjoin copyright infringement under § 502(a) in the absence of registration under § 411(a), Plaintiff relies on a single, unpublished Fourth Circuit case: *Universal Furniture International, Inc. v. Collezione Europa USA, Inc.*, 196 Fed. Appx. 166 (4th Cir. 2006) (unpublished). Unlike the present case, however, it was undisputed in *Universal Furniture* that the copyright at issue had already been registered. *Id.* at 168. Consideration of a preliminary injunction under § 502 thus was proper in *Universal Furniture* only because it was clear from the record that Plaintiff had already satisfied the registration requirement of § 411(a) and could therefore maintain an action for infringement under § 501. *Universal Furniture*, 196 Fed.Appx. at 168.

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R..*, 945 F.2d at 768. Here, however, Plaintiff has neither alleged that it previously registered its copyright for the Site Plans nor produced any evidence suggesting registration. Because such registration is a "jurisdictional prerequisite", *Xoom, Inc*, 323 F.3d at 283, to bringing a suit for infringement and seeking injunctive relief, the Court will grant Defendant's Rule 12(b)(1) Motion to Dismiss Count I for lack of subject matter jurisdiction.

## C. <u>Court Declines to Exercise Supplemental Jurisdiction Over State Law Claim</u>

Arguing that Plaintiff's state law claim for conversion in Count II is preempted by

the Copyright Act, Defendant likewise seeks dismissal of Count II under Rules 12(b)(1)

and 12(b)(6). Plaintiff responds, however, that its conversion claim is not preempted by §

301 because Count II alleges that Union Bank not only unlawfully reproduced the Site

Plans but also deprived Plaintiff of the physical Site Plans themselves. *See United States*

*ex rel. Berge v. Bd. of Trs. of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir. 1997)

(describing the "extra step" test for preemption which requires an extra element in the

state law claim that changes its nature so that it is qualitatively different from a copyright

infringement claim).

The Court will not decide whether the Copyright Act preempts Plaintiff's state law

claim for conversion. Plaintiff's state law claim has no independent basis for federal

subject matter jurisdiction—Defendant relied on supplemental jurisdiction under 28

U.S.C. § 1367 to remove Count II from state court. Pursuant to 28 U.S.C. § 1367(c), a

district court retains considerable flexibility "designed to allow courts to deal with cases

involving pendant claims in the manner that most sensibly accommodates a range of

concerns and values." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (internal quotations

omitted)). When all federal claims drop out of a case, the district court may exercise that

broad discretion and remand removed state claims back to state court. *Hinson v.*

*Northwest Financial South Carolina, Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) (citing

*Carnegie-Mellon*, 484 U.S. at 355 n.11). This Court will exercise its broad discretion under 28 U.S.C. § 1367(c) and decline to exercise supplemental jurisdiction over Plaintiff's sole remaining claim for conversion under Virginia state law. Accordingly Count II will be remanded to the Circuit Court for the County of King William, Virginia.

## III.   CONCLUSION

For the reasons detailed herein, Defendant's Motion to Dismiss will be granted-in-part. Count I will be dismissed and Count II of the Complaint will be remanded to the Circuit Court for the County of King William, Virginia. An Order was issued in conjunction with this Memorandum Opinion on June 3, 2009.

The Clerk is directed to send a copy of this Memorandum Opinion and the Court's Order of June 3, 2009 to all counsel of record and to the Clerk for the Circuit Court for the County of King William, Virginia.

It is SO ORDERED.

                                                        /s/

                                                 Henry E. Hudson
                                                 United States District Judge

Date: June 15 2009
Richmond, VA